GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HODGDON POWDER COMPANY,
INC.,

        Plaintiff,                Civil Action No.

v.                                    06-2100-CM-GLR

ALLIANT TECHSYSTEMS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion Under Local Rule 7.1 (doc. 38). Plaintiff thereby requests clarification of the provision in the Protective Order that designates some discovered items to be for "Attorneys Eyes Only." Plaintiff requests that the Court interpret its order to allow access to such discovery to any in-house attorney, but only if he or she enters an appearance and is therefore an attorney of record in this case.

Opposing the motion, Defendant asks the Court to interpret the protective order to prevent disclosure of such information to in-house counsel, whether or not he or she is an attorney of record. Defendant specifically raises its concern that Doug Delsemme, general counsel for Plaintiff, has entered his appearance as an attorney of record. If the Court were to grant the motion, Defendant requests as an alternative that in-house counsel for both parties be permitted to view the designated discovery, whether or not they have entered appearance in this litigation. For the following reasons the Court will deny the motion.

## I.     Relevant Provisions of the Parties' Protective Order

The Stipulated Protective Order (doc. 21) entered in this case on August 3, 2006 provides in pertinent part:

> 5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to Court personnel, to members of any jury empanelled in this case, to counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:
>    a) a named party;
>    b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;
>    c) court reporter(s) employed in this action;
>    d) a witness at any deposition or other proceeding in this action; and
>    e) any other person as to whom the parties in writing agree.
>
> *     *     *
>
> 7. Confidential Material which the designator reasonably and in good faith believes to constitute particularly sensitive proprietary business information and trade secrets may be further marked "CONFIDENTIAL—ATTORNEYS EYES ONLY." Confidential Material designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY" produced pursuant to this Order may be disclosed or made available only as provided in paragraph 5 above, except that those persons identified in paragraph 5(a) and 5(d) shall not be considered "qualified persons" for such material, except by written agreement of the parties.
>
> 8. Confidential deposition testimony shall be taken only in the presence of the persons designated in this paragraph 5. Confidential deposition testimony designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" shall be taken only in the presence of the persons designated in paragraph 5 above, excluding those persons identified in paragraphs 5(a) and 5(d).

## II.    Discussion and Ruling

A protective order serves to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense."[1] Subsection (c)(7) of the rule specifically includes "trade secret or other confidential research, development, or commercial information," as matter that the Court may order to "not be revealed or be revealed only in a designated way." The parties obviously contemplated that such information would be discoverable in this case, when they provided in Paragraph 7 of the Stipulated Protective Order for extraordinary protection to "particularly sensitive proprietary business information and trade secrets."

The instant motion focuses upon the phrase "Attorneys Eyes Only." Taken out of context, these words reasonably imply that no one but attorneys, either of record or otherwise, may view the material described in Paragraph 7 of the Protective Order. Paragraph 5, however, specifically authorizes such material to be disclosed both to counsel and to non-attorneys, i.e. "experts or consultants," "court reporter(s)," and "any other person as to whom the parties in writing agree." "Attorneys Eyes Only" merely serves as a convenient label to designate the specific items restricted from disclosure, except as allowed by Paragraphs 5 and 7.

The motion and the response of Defendant invite consideration of the basic purpose of the protective order. It purports to protect the business and proprietary needs of each party and yet allow limited disclosure of sensitive information for use in this law suit. This invites a reasonable interpretation that respects both the needs of trial counsel to review "particularly

---

[1] Fed. R. Civ. P. 26(c).

sensitive proprietary business information and trade secrets" and the interests of their clients against its unnecessary distribution and possibly competitive misuse outside of litigation.

The parties concentrate their arguments on the status of Mr. Delsemme. Should the Court characterize him as "counsel for a party" and thus be privy to the "particularly proprietary business information and trade secrets" of Defendant? Or should it characterize him as either or both "a) a named party" or "d) a witness," and excluded by virtue of Paragraph 7 of the Stipulated Protective Order. Plaintiff would qualify Mr. Delsemme simply by his status as an attorney and by his Entry of Appearance in this case.

Defendant suggests Mr. Delsemme is both a party and a witness within the meaning of the exclusion created by Paragraph 7. It notes that Mr. Delsemme is Vice-President of Administration for Plaintiff, has been with Plaintiff for over twenty years, and has extensively engaged in its business and patent activities, including those specifically involved in this case. Plaintiff has named Mr. Delsemme, moreover, in its disclosures as a person with knowledge about allegation(s) of the complaint. Plaintiff has filed no reply memorandum and has not otherwise refuted any of those assertions.

Mr. Delsemme personally, of course, is not a named party. But if the phrase "a named party" has any meaning in a case like this, with only corporate litigants, its reasonable interpretation must refer to some one or more persons as its corporate representative(s). In this instance Mr. Delsemme perhaps qualifies as readily as anyone else.

Plaintiff filed its complaint March 16, 2006, signed by its attorney of record Joseph Bowman. Mr. Bowman has signed the remaining pleadings, motions, and other papers on

behalf of Plaintiff. Mr. Delsemme filed his Entry of Appearance on November 14, 2006, just two weeks before the instant motion. The parties have not identified any other activity by Mr. Delsemme as an attorney of record, and the Court otherwise knows of none. The Court notes the passage of almost eight months before his Entry of Appearance. His involvement in this litigation appears tenuous. Mr. Bowman has appeared as lead counsel. Given these facts, the Court finds little persuasion that the late Entry of Appearance should somehow create a distinction from other in-house counsel and qualify Mr. Delsemme and not others for the inner sanctum of highly sensitive, proprietary information allowed by the protective order. Rather than preserving the intent of the protective order, granting the motion would more likely sanction an end run around it. A more reasonable interpretation of the Stipulated Protective Order will fairly allow trial counsel to view the highly sensitive information as needed for trial purposes, without increasing an unnecessary risk that such information could be unfairly used for some business advantage.

For the foregoing reasons the Court denies the motion of Plaintiff. Absent the suggestion of any other preferable alternative, however, the Court finds that a more reasonable interpretation of the Stipulated Protective Order is to construe Paragraphs 5 and 7 as follows: To allow "particularly sensitive proprietary business information and trade secrets" to be viewed by any "counsel for a party," but only if that counsel is neither "a named party" (or an employee of a named corporate party) nor "a witness at any deposition or other proceeding in this action."

5

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion Under Local Rule 7.1 to provide clarification of the protective order (doc. 38) is denied.

Dated this 11th day of January, 2007, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

cc:   All counsel